UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANN KAISEN, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) |
| DYNAMIC RECOVERY SOLUTIONS, LLC, | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant. | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

ANN KAISEN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and for pendant state law claims 28 U.S.C. § 1367. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012)

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with

Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Loxahatchee, Florida 33470.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9. Defendant is a national debt collection company with its corporate headquarters located at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

12. Debt collection is the principal purpose of Defendant's business.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Plaintiff has a cellular telephone number.

15. Plaintiff uses this phone solely as a cellular telephone.

16. Beginning in or around September 2017 and continuing through in or about late October 2017, Defendant contacted Plaintiff on a repeated and continuous basis throughout this time period.

17. During this time, Defendant contacted Plaintiff on her cellular telephone using an automatic telephone dialing system and/or pre-recorded voice or message.

18. Plaintiff knew Defendant's calls were automated because the calls began with a noticeable delay or pause prior to connecting to one of Defendant's collectors.

19. Defendant's calls were not made for "emergency purposes."

20. Plaintiff knew that Defendant was contacting her as she spoke to various collectors who announced or identified their company name as the Defendant's during their conversations.

21. Shortly after the initiation of Defendant's collection calls, Plaintiff spoke to Defendant and instructed Defendant to stop calling her cellular telephone.

22. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place additional calls.

23. Despite hearing and acknowledging Plaintiff's demand to cease all further telecommunications, Defendant instead continued to contact Plaintiff on a routine basis.

24. Plaintiff found Defendant's incessant collection calls to be disruptive, vexatious and annoying throughout this time period.

25. Upon information and belief, Defendant conducts business in a manner that violates the Telephone Consumer Protection Act.

## COUNT I
## <u>DEFENDANT VIOLATED THE TCPA</u>

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

28. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

29. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

30. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

31. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

32. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

33. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

34. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, ANN KAISEN, respectfully prays for a judgment as follows:

    a. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    b. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    c. Actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    d. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3); and

    f. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANN KAISEN, demands a jury trial in this case.

Respectfully submitted,

Dated: October 31, 2018

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com